**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LARRY EUGENE SMITH,**                                                    **PLAINTIFF**

**V.**                                                    **NO. 2:06CV214-P-B**

**B.C.R.F., et al.,**                                                    **DEFENDANTS**

## OPINION

Upon further consideration of the 42 U.S.C. §1983 complaint and the files and records in this action, the court finds that Plaintiff, an inmate at the Bolivar County Regional Correctional Facility, has failed to state a claim upon which relief may be granted.

Plaintiff complains that he was assaulted by another inmate with a lock. Plaintiff states that he received injuries to his mouth and about the head which left him in severe pain. Plaintiff admits he was taken to the hospital and received medical attention for his injuries. Plaintiff does not take issue with the medical treatment. Instead, Plaintiff alleges that the Defendants, all of whom are officers and employees of the Correctional Facility, were "negligent" in failing to protect him from a dangerous inmate.

This case presents the court with what is essentially a "failure to protect" claim. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The pivotal inquiry is what the proper standard is for the court to apply in such cases. The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). Thus, negligent conduct by prison

officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

It is thus incumbent upon the court to determine whether the claims asserted by the plaintiff in the instant case rest upon an "indisputably meritless legal theory" so that they should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). *Nietzke v. Williams*, 490 U.S. 319, 327, 104 L. Ed. 2d 338, 348 (1989). *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), the Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Here, the court finds it is beyond doubt that Plaintiff has failed to allege the Defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted).

The complaint, read in a light most favorable to the Plaintiff, sounds wholly in negligence and lacks any indication or allegation of deliberate indifference. In fact, Plaintiff's own complaint exonerates the Defendants of possessing any knowledge of danger. Plaintiff contends that the he was assaulted without provocation by an inmate who was "angry" about receiving a long sentence. Obviously, if the Plaintiff himself had not complained about a specific threat to his safety, the Defendants would have been equally unaware of any risk posed by the offending inmate. Therefore, the Defendants could not have knowingly disregarded a risk to Plaintiff's safety. Accordingly, under the reasoning of *Daniels* and *Davidson, supra,* Plaintiff's claims should be dismissed with prejudice.

A separate order shall issue in accordance with this opinion.

THIS the 23rd day of January 2007.

        /s/ W. Allen Pepper, Jr.
        W. ALLEN PEPPER, JR.
        UNITED STATES DISTRICT JUDGE